UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ALEXEY MIGUNOV and KATERINA
MIGUNOVA,

    Plaintiffs,

vs.

SERGUEI GROU and CARAT 7, INC., a
Florida corporation,

    Defendants.
_____/

## COMPLAINT

COME NOW, Plaintiff, ALEXEY MIGUNOV and KATERINA MIGUNOVA, by and through the undersigned counsel, hereby sues Defendants, Serguei Grou and CARAT 7, Inc., a Florida corporation, and alleges as follows:

1. This is an action for damages in excess of $75,000.

2. Plaintiffs, ALEXEY MIGUNOV ("Alexey") and KATERINA MIGUNOVA ("Katerina"), are husband and wife and are foreign nationals residing in Mexico.

3. Defendant SERGUEI GROU ("Grou") is a resident of the State of Florida, and resides in Miami-Dade County.

4. Defendant CARAT 7, INC. ("Carat") is a corporation existing under the laws of the State of Florida with its principal address at 501 Three Island Blvd., Unit 201, Hallandale Beach, FL 33009.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

6. In or around December 2019, Plaintiffs flew to Miami to meet with Defendant Grou regarding a proposed business idea.

7. The parties met on December 26, 2019 to discuss a business idea consisting of constructing a new building project.

8. At the meeting, Defendant Grou held himself out as, and represented himself, as a professional builder, with years of experience in the South Florida market.

9. After the initial meeting on December 26, 2019, Defendant Grou proposed to the Plaintiffs the construction of low-income housing in Miami.

10. Other than the general proposal of the construction, no other information was provided to the Plaintiffs, and as a result, Plaintiff rejected Defendant Grou's proposal.

11. On January 8, 2020, Defendant Grou emailed to Plaintiffs a proposal titled MEMORANDUM OF THE NO 1 (the "Memorandum").

12. Pursuant to the Memorandum, Defendant Grou proposed the following:

> 'Building Apartments in Miami, USA'. To this end, the parties intent to carry out the following amount of work, with Party 1 organizing all the work, Party organizing the financing of all works:
>
> 1. Opening of the company in USA Company Registration of the Company in Miami, Florida, USA with distribution of shares Party 1 – 25% share of the charter fund, Party 2 – 75% share of the charter funds
> 2. Opening of the company's bank account Term 1 week
> 3. Office Rental in Miami Deadline 1 Week
> 4. Acquisition of Appliances and Furniture Term 1 Week Budge $20,000 USD
> 5. Buying a plot of land to build 30 homes Term 1 Week Budget 2,000,000 USD
> 6. Developing of Project Work Documentation Term 4 weeks Budget 65,000 USD
> 7. Getting a Building Permit for the Design Preparation of Machinery and People for Construction Term 5 months Budget 10,000 USD
> 8. Building 30 Homes Term 4 months Budget $7,900,000
> 9. Commissioning, Rental Flow Management Start generating income
> 10. Simultaneously with the start of construction, the acquisition of a new land parcel with the bank's borrowed funds

> 11. Repeat of the 6-9 cycle of building new 60 homes
> 12. Construction begins in other Florida cities
> 13. Start building apartments in other U.S. states
> 14. This Agreement is preliminary and does not impose any financial or legal obligations on its participants

13. The Memorandum was rejected by the Plaintiffs.

14. After rejecting the Memorandum, Defendant Grou offered a fifty-fifty investment opportunity to the Plaintiffs consisting of one building project, with an estimate price of $300,000.00.

15. On February 18, 2020, the Plaintiffs flew to Miami to meet with Defendant Grou regarding the new business proposal.

16. The new business proposal consisted of purchasing real property located at 721 NE 5th Street, Hallandale Beach, FL 33009 (the "Property"), tearing down the existing structure, and building a new residential house.

17. Defendant Grou represented to the Plaintiffs that the list price of the Property was $239,000, but the actual list price of the Property as of January 29, 2020 was $235,000.00.

18. On February 20, 2020 the Parties met in the Plaintiffs' hotel room where they were subsequently escorted by Defendant Grou to a potential office location for the business, after which the parties proceeded to SunTrust Bank in Hallandale Beach, FL.

19. At the meeting at SunTrust Bank, Plaintiffs disclosed their bank statement and availability of funds.

20. After seeing the documents, Defendant Grou requested that a check be written, attempted to write two checks, check numbers 101 and 102, and requested that Plaintiffs sign the checks that he wrote. Plaintiffs objected, and requested additional documents to support the investment.

21. Instead of providing additional documents, Defendant Grou escorted the Plaintiffs to attorney Mark Katzman, Esq. to discuss the Plaintiffs obtaining a L1 employment visa to work in the US.

22. At the meeting with Mr. Katzman, Defendant Grou represented that Mr. Katzman was the corporate counsel for Defendant Carat, that he had the corporate book, and would be preparing the agreement between the parties.

23. At the meeting with Mr. Katzman, Defendant and or Mr. Katzman represented to the Plaintiffs that the company has no debts and presented the Plaintiff's with an unsigned stock certificate.

24. Upon seeing the stock certificate, Alexey notified Defendant Grou and Mr. Katzman that he was not interested in investing in the Company only the single project previously discussed between the parties.

25. Defendant Grou reassured that Plaintiffs were not purchasing the shares of Carat, but that the stock certificate was prepared as security/guaranty for the Plaintiffs' future investment in the project and so that Alexey can obtain an L1 employment visa.

26. The share certificate was not provided to the Plaintiffs at time of their meeting with Mr. Katzman and Plaintiffs were notified Mr. Katzman would prepare all the necessary paperwork for the investment.

27. While the Plaintiffs were conducting their due diligence, Defendants made an offer to purchase the property for $195,000 without the knowledge of the Plaintiffs.

28. In order for the Plaintiff's to conduct their due diligence on the investment, Plaintiffs needed access to Carat's Bank Account(s), but Defendants refused to provide access.

29. After repeated requests for documents to support the building project, including the design and building documents, on February 21, 2020 the Plaintiffs decided not to proceed with the investment.

30. After receiving their February 2020 Bank of America statement, the Plaintiffs discovered that check number 103 in the amount of $120,000.00 was deposited by Defendant Grou into the corporate account of Carat.

31. Upon information and belief, Defendant Grou removed check 103 from Plaintiffs' check book either during the parties visit to SunTrust on February 21, 2020 or at some other time that Defendant had an opportunity to remove the checkbook from the Plaintiffs without their knowledge.

32. Check 103 was removed from the Plaintiffs' checkbook without their authorization or approval and subsequently forged by Defendant Grou and Deposited into an account controlled by Defendant Carat.

33. Upon discovering that the check was stolen by the Defendants, Plaintiff attempted to contact Defendant Grou, who refused to communicate with the Plaintiffs and return the $120,000.00.

34. After several attempts to communicate with Defendant Grou via telephone and text message, Defendant Grou informed the Plaintiffs that Defendant Carat was in significant debt, the $120,000 was used to pay off some of the debt and that he needed an additional $95,000.

35. Upon demanding that the Defendants return the funds, the Defendants informed the Plaintiff that the funds will be used as a deposit to purchase fifty (50) percent of Defendant Carat for $250,000.00 and demanded the additional $130,000.00 for the shares.

36. Pursuant to *Fla. Stat. §772.11*, on March 10, 2020 Plaintiffs mailed a Civil Theft demand letter to the Defendants. A copy of the demand letter is attached hereto as **Exhibit "A"**.

37. Plaintiffs have been required to retain the services of the undersigned law firm and are required to pay them a reasonable fee.

## COUNT I – CONVERSION
### (Defendant Grou)

38. Plaintiffs reassert and reallege paragraphs 1 through 34 above as though they are fully set forth below.

39. In or around February 20, 2020, Defendant Grou converted $120,000.00 for his own use and benefit.

40. Defendant Grou deposited the funds into an account held by Defendant Carat 7 and paid corporate debt.

41. Plaintiffs have demanded the return of the funds, but Defendant Grou has refused, and continues to refuse to return the funds to the Plaintiffs.

WHEREFORE, Plaintiffs, ALEXEY MIGUNOV and KATERINA MIGUNOVA, demand that judgment for damages in the amount of $120,000.00 be entered against Defendant Serguei Grou, plus prejudgment interest, postjudgment interest, costs, and for such further relief that this Honorable Court deems just and proper.

## COUNT II – CIVIL THEFT PURSUANT TO *FLA. STAT. §771.11*
### (Defendant Grou)

42. Plaintiffs reassert and reallege paragraphs 1 through 34 above as though fully set forth herein.

43. In or around February 20, 2020, Defendant Grou converted $120,000.00 for his own use and benefit.

44. Defendant Grou deposited the funds into an account held by Defendant Carat 7 and paid corporate debt.

45. Defendant Grou knowingly obtained the $120,000.00 with the intent to either temporarily or permanently deprive Plaintiffs of the $120,000.00.

46. Plaintiffs have demanded the return of the funds, but Defendant Grou has refused, and continues to refuse to return the funds to the Plaintiffs.

47. On March 10, 2020 Plaintiffs sent a demand pursuant to *Fla. Stat. §772.11*. A copy is attached as Exhibit "A".

48. As of this Complaint, Defendant Grou refuses and continues to refuse to return outstanding monies or comply with the demand as required by *Fla. Stat. §772.11*.

49. All conditions precedent have been performed or have occurred.

50. Plaintiffs have been required to retain the services of the undersigned law firm and are required to pay them a reasonable fee.

WHEREFORE, Plaintiffs, ALEXEY MIGUNOV and KATERINA MIGUNOVA, demand that judgment for damages in the amount of $120,000.00 be entered against Defendant Serguei Grou, plus treble damages pursuant to *Fla. Stat. §772*.11, prejudgment interest, postjudgment interest, attorney's fees pursuant to *Fla. Stat. §772.11*, costs, and for such further relief that this Honorable Court deems just and proper.

### COUNT III – CONVERSION
### (Defendant Carat)

1. Plaintiffs reassert and reallege paragraphs 1 through 34 above as though they are fully set forth below.

2. In or around February 20, 2020, Defendant Grou, acting on behalf of Defendant Carat, converted $120,000.00 for its use and benefit.

3. Defendant Grou deposited the funds into an account held by Defendant Carat 7 and paid corporate debt.

4. Plaintiffs have demanded the return of the funds, but Defendant Carat has refused, and continues to refuse to return the funds to the Plaintiffs.

WHEREFORE, Plaintiffs, ALEXEY MIGUNOV and KATERINA MIGUNOVA, demand that judgment for damages in the amount of $120,000.00 be entered against Defendant Carat 7, Inc., plus prejudgment interest, postjudgment interest, costs, and for such further relief that this Honorable Court deems just and proper.

### COUNT IV – CIVIL THEFT PURSUANT TO *FLA. STAT. §771.11*
### (Defendant Carat)

5. Plaintiffs reassert and reallege paragraphs 1 through 34 above as though fully set forth herein.

6. In or around February 20, 2020, Defendant Grou, on behalf of Defendant Carat, converted $120,000.00 for its own use and benefit.

7. Defendant Grou deposited the funds into an account held by Defendant Carat and paid corporate debt.

8. Defendant Grou knowingly obtained the $120,000.00 with the intent to either temporarily or permanently deprive Plaintiffs of the $120,000.00.

9. Plaintiffs have demanded the return of the funds, but Defendant Carat has refused, and continues to refuse to return the funds to the Plaintiffs.

10. On March 10, 2020 Plaintiffs sent a demand pursuant to *Fla. Stat. §772.11*. A copy is attached as Exhibit "A".

11. As of this Complaint, Defendant Carat refuses and continues to refuse to return outstanding monies or comply with the demand as required by *Fla. Stat. §772.11*.

12. All conditions precedent have been performed or have occurred.

13. Plaintiffs have been required to retain the services of the undersigned law firm and are required to pay them a reasonable fee.

WHEREFORE, Plaintiffs, ALEXEY MIGUNOV and KATERINA MIGUNOVA, demand that judgment for damages in the amount of $120,000.00 be entered against Defendant Carat 7, Inc., plus treble damages pursuant to *Fla. Stat. §772*.11, prejudgment interest, postjudgment interest, attorney's fees pursuant to *Fla. Stat. §772.11*, costs, and for such further relief that this Honorable Court deems just and proper.

Respectfully Submitted,

THE KOGAN FIRM, P.A.
Attorney for Plaintiffs
330 N. Andrews Avenue, Ste. 450
Ft. Lauderdale, FL 33301
Telephone:     (954) 281-8888
Facsimile:     (954) 206-0777
Email: paul@kogan.law

By: __/s/ Pavel Kogan_____
       PAVEL KOGAN, ESQUIRE
       FLORIDA BAR NO.: 64339